1 | **BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
2 | Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
3 | 1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
4 | Telephone: (925) 300-4455
Facsimile: (925) 407-2700
5 | E-Mail:  ltfisher@bursor.com
6 |    apersinger@bursor.com
   ykrivoshey@bursor.com
7
8 | **BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
9 | 888 Seventh Avenue
New York, NY  10019
10 | Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
11 | E-Mail:  scott@bursor.com

12 | *Attorneys for Plaintiff*

13 |                 UNITED STATES DISTRICT COURT
14 |                 CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER RHEUARK, on behalf of herself and all others similarly situated, | Case No. 2:16-cv-1377 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| UNITED RECEIVABLES GROUP, LLC, | |
| Defendant. | |

CLASS ACTION COMPLAINT

Plaintiff Jennifer Rheuark ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to her own actions are based on personal knowledge.

## NATURE OF THE ACTION

1. Between January 19, 2016 and February 2, 2016, Defendant United Receivables Group, LLC ("Defendant" or "URG") or its agents called Ms. Rheuark's cellular telephone 7 times using an automatic telephone dialing system and/or artificial or prerecorded voice to collect a debt owed by a person who was not her. Plaintiff did not give URG prior express written consent to make these calls.

2. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

3. Plaintiff also brings this action for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* (hereinafter "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code 1788 *et seq.* (hereinafter, the "Rosenthal Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts. Plaintiff alleges that Defendant engaged in a campaign of harassment in an attempt to coerce payment of a consumer debt.

## PARTIES

4. Plaintiff Jennifer Rheuark is, and at all times mentioned herein was, a resident of Covina, California and a citizen of the State of California.

CLASS ACTION COMPLAINT                                                                 1

5. Defendant United Receivables Group, LLC, is a South Carolina limited liability company with its principal place of business at 572 John Ross Parkway, Suite 107 #12, Rock Hill, South Carolina 29730. Defendant is a debt collector.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of federal statutes, the TCPA and FDCPA. This Court has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendant transacts significant business within this District, and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.    The Telephone Consumer Protection Act Of 1991**

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

11. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

12. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.     Defendant's Robocalls to Plaintiff and Class Members**

13. Prior to the calls at issue in this action, Plaintiff never had any contact with Defendant. Plaintiff has never consented in writing, or otherwise, to receive autodialed calls from Defendant to her cellphone. Plaintiff has never provided Defendant with her telephone number.

14. The following chart shows each date and time that Defendant called Plaintiff on her cellular telephone number:

**Defendant's Calls to Plaintiff**

| Date | Time | Number Calling |
|---|---|---|
| 01/19/16 | 7:55 AM | (855) 422-3233 |
| 01/20/16 | 9:29 AM | (855) 422-3233 |
| 01/21/16 | 7:56 AM | (855) 422-3233 |
| 01/21/16 | 7:57 AM | (855) 422-3233 |
| 01/21/16 | 9:31 AM | (855) 422-3233 |
| 01/25/16 | 7:54 AM | (855) 422-3233 |
| 01/25/16 | 9:28 AM | (855) 422-3233 |

15. In total, Defendant called Plaintiff at least 7 times using an autodialer and/or an artificial or prerecorded voice without her prior express written consent.

16. When Ms. Rheuark answered Defendant's call, she heard a momentary pause before someone started speaking to her.

17. Ms. Rheuark asked Defendant that she not be called anymore, but Defendant kept calling.

18. Online consumer complaints regarding Defendant's unsolicited robocalls from this same number are legion:

- "Robo call from URG.  Scam debt collector." (dated October 6, 2015).[1]

- "Every day at 10 AM they always call me. I blocked them." (dated October 27, 2015).[2]

- "they call relentlessly and I am not taking the verbal abuse from them or the harassment.  I have filed a complaint with the BBB and it appears they have had many." (dated November 11, 2015).[3]

- "SCAM SCAM SCAM, Robo dialer.  They have been calling relentlessly.  I know for a fact I do not have any outstanding debts.  Blocked one number already and now this one keeps popping up.  Drives me mad!  I'm [on] the do not call list but does not seem to matter." (dated November 12, 2015).[4]

- "They have called me over and over again while at work. I'm reporting them.  This is ridiculous.  This kind of bs needs to stop." (dated January 7, 2016).[5]

- "calls even though our number is on the national do not call list." (dated January 21, 2016).[6]

- "Call daily.  My phone number is on the national do not call list and they managed to get my number anyway.  Robo message." (dated January 22, 2016).[7]

---

[1] http://800notes.com/Phone.aspx/1-855-422-3233 (last visited February 18, 2016).
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] http://800notes.com/Phone.aspx/1-855-422-3233/2 (last visited February 18, 2016).
[7] *Id.*

CLASS ACTION COMPLAINT                                                                                           4

- "receive calls from this number saying URG debt collector, urgent to call back, have blocked it but still comes thro, what is the use of having Do Not Call ????"  (dated February 4, 2016).[8]

- "Called 2 dozen times in the last 2-3 months: a machine voice calling from URG debt collector.  I have no debt." (dated February 6, 2016).[9]

- "Every single morning around 8:30 I receive a call from this number. An automated robot leaves a voicemail (I have blacked their number and they still leave a message) from URG, they say they are debt collectors.  I have no debt.  They won't leave me alone.  going on 3 weeks now EVERY SINGLE MORNING!  Absolutely ridiculous!" (dated January 27, 2016).[10]

- Recorded voice/Robot saying they are calling from URG, debt collector. Have no debts.... Continuous harassment daily!  I ignore and delete message. Ridiculous!" (dated January 2016).[11]

- "855-422-3233  This annoying recorded call rings everyday at 10am from some outfit called ORG/URG debt collector and to press 0 for an operator.  I AM DEBT FREE!  assholes!" (dated February 4, 2016).[12]

- "855-422-3233  This robotic male voice message says 'This is a call from URG, the debt collector.  Return this call at 855-422-3233.'  We haven't returned the call but they are leaving messages everyday." (dated February 2, 2016).[13]

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

20. Plaintiff proposes the following Robocall Class definition, subject to amendment as appropriate:

---

[8] *Id.*
[9] http://donotcall.site/1-855-422-3233/8554223233 (last visited February 18, 2016).
[10] *Id.*
[11] *Id.*
[12] http://do-not-call.site/1-855-422-3233/8554223233 (last visited February 18, 2016).
[13] *Id.*

CLASS ACTION COMPLAINT                                                                                       5

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone line; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice and/or using an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

21. Collectively, all these persons will be referred to as the "Robocall Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Robocall Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

22. Plaintiff also proposes the following Autodialer Class definition:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

23. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Autodialer Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

24. Plaintiff further proposes the following FDCPA Class definition:

> All persons within the United States who received harassing, oppressive, or abusive calls including (a) repeated calls to annoy someone, or (b) calling at times in violation of curfew, such as before 8 in the morning or after 9 at night.

25. Collectively, all these persons will be referred to as the "FDCPA Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the FDCPA Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

26. Plaintiff also proposes the following Rosenthal Act Class definition:

> All person within the State of California who received harassing, oppressive, or abusive calls including (a) repeated calls to annoy someone, or (b) calling at times in violation of curfew, such as before 8 in the morning or after 9 at night.

27. Collectively, all these persons will be referred to as the "Rosenthal Act Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Rosenthal Act Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

28. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of online complaints, that the classes are so numerous that individual joinder would be impracticable.

CLASS ACTION COMPLAINT                                                      7

29. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

30. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendant.

31. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendant made telephone calls to class members using an autodialer without their prior express written consent;

    b. Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

    c. Whether Defendant made harassing, oppressive, or abusive telephone calls;

    d. Whether Defendant's conduct was knowing and/or willful;

    e. Whether Defendant is liable for damages, and the amount of such damages, and

    f. Whether Defendant should be enjoined from engaging in such conduct in the future.

32. As a person who received numerous and repeated calls on her telephone using an autodialer and/or an artificial or prerecorded voice, without her prior

express written consent, Plaintiff asserts claims that are typical of each member of the classes. Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

33. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

34. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA, FDCPA, and the Rosenthal Act. The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA, FDCPA, and Rosenthal Act are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

35. Defendant has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA, FDCPA, and Rosenthal Act violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

36. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

38. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

39. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

40. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

41. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

43. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

45. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## THIRD COUNT
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692, *et seq*.

46. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

47. Defendant's course of conduct as more fully described above constitutes numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq*., including but not limited to 15 U.S.C. § 1692d(5).

48. As a result of Defendant's actions, Plaintiff and the FDCPA Class are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. § 1692k, *et seq*.

## FOURTH COUNT
## VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ.Code 1788, *et seq*.

49. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

50. The foregoing acts and omissions by Defendant in its illegal attempt to collect a consumer debt constitute numerous unfair, deceptive, and/or unconscionable trade practices, made unlawful pursuant to the California Rosenthal Fair Debt Collections Practices Act, including but not limited to Cal. Civ. Code § 1788.11(d) and (e).

51. Defendant also violated Cal. Civ. Code § 1788.17, which requires Defendant to comply with all of the provisions of the FDCPA 15 U.S.C. §§ 1692, *et seq*. in all of its collection efforts.

52. Therefore, Plaintiff and the Rosenthal Act Class are entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

CLASS ACTION COMPLAINT 11

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of damages as permitted by the FDCPA;

e. An award of damages as permitted by the Rosenthal Act;

f. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

g. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

h. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

| | | |
|---|---|---|
| 1 | Dated: February 26, 2016 | Respectfully submitted, |
| 2 | | |
| 3 | | By: */s/ L. Timothy Fisher* |
| | | L. Timothy Fisher |
| 4 | | |
| 5 | | **BURSOR & FISHER, P.A.** |
| | | L. Timothy Fisher (State Bar No. 191626) |
| 6 | | Annick M. Persinger (State Bar No. 272996) |
| | | Yeremey O. Krivoshey (State Bar No. 295032) |
| 7 | | 1990 North California Blvd., Suite 940 |
| 8 | | Walnut Creek, CA 94596 |
| | | Telephone: (925) 300-4455 |
| 9 | | Facsimile: (925) 407-2700 |
| | | E-Mail: ltfisher@bursor.com |
| 10 | | apersinger@bursor.com |
| 11 | | ykrivoshey@bursor.com |
| 12 | | **BURSOR & FISHER, P.A.** |
| | | Scott A. Bursor (State Bar No. 276006) |
| 13 | | 888 Seventh Avenue |
| | | New York, NY 10019 |
| 14 | | Telephone: (212) 989-9113 |
| 15 | | Facsimile: (212) 989-9163 |
| | | E-Mail: scott@bursor.com |
| 16 | | *Attorneys for Plaintiff* |

CLASS ACTION COMPLAINT 13